UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CALVIN MCCANTS,           :
                          :
         Petitioner,      :    Criminal Action No.: 03-0479 (RMU)
                          :    Civil Action No.:    05-2489 (RMU)
    v.                    :
                          :    Document No.:        24
                          :
UNITED STATES OF AMERICA, :
                          :
         Respondent.      :

FILED

MAR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

DENYING THE PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

### I. INTRODUCTION

On March 2, 2004, the petitioner, Calvin McCants, pled guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1965(h). The court sentenced the petitioner to 108 months of incarceration on June 8, 2004. On December 28, 2005, the petitioner filed the instant motion for relief under 28 U.S.C. § 2255, arguing that his sentence violates his Sixth Amendment rights as understood in the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). In particular, the petitioner asserts that the court impermissibly enhanced his sentence on the basis of facts which he did not admit. Because the petitioner's motion is time-barred by the applicable statute of limitations and because *Booker* does not apply retroactively to cases on collateral review, the court denies the petitioner's motion.

## II. BACKGROUND

On October 24, 2003, the government charged the petitioner in a 27-count indictment with eight counts of wire fraud in violation of 18 U.S.C. § 1343; one count of conspiracy to launder money in violation of 18 U.S.C. § 1965(h); eleven counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I), (a)(1)(B)(i); six counts of money laundering in violation of 18 U.S.C. § 1957; and one count of criminal forfeiture in violation of 18 U.S.C. § 982(a)(1). The petitioner pled guilty to one count of conspiracy to launder money on March 2, 2004. In accordance with the mandatory United States Sentencing Guidelines in effect at the time, on June 8, 2004, the court sentenced the petitioner to a term of incarceration of 108 months. This sentence was at the low end of a Sentencing Guidelines range of 108 to 135 months and was based on a criminal history category III and an offense level of 29. Although the petitioner's base offense level was 28, the court enhanced the offense level by four points because the defendant was convicted under the money laundering statute[1] and because of the defendant's role in the offense.[2] The court also deducted three points for the petitioner's acceptance of responsibility. The Judgment and Commitment Order was entered on June 14, 2004. The petitioner did not appeal his sentence.

---

[1] Section 2S1.1(b)(2)(B) of the Guidelines permit a court to enhance a defendant's base offense level by 2 points if the defendant is convicted under the money laundering statute.

[2] Section 3B1.1(c) allows the court to increase the defendant's base offense level by 2 points if the defendant was an organizer, leader, manager, or supervisor in the offense.

## III. ANALYSIS

### A. Legal Standard for a Motion Under § 2255

A person may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001); *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole*, 892 F. Supp. 277, 279 n.1 (D.D.C. 1995) (holding that "it is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement") (quoting *Hartwell v. United States*, 353 F. Supp. 354, 357-58 (D.D.C. 1972)).

Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (noting that "[t]his statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court") (citing *United States v. Hayman*, 342 U.S. 205, 216-17 (1952)). A petitioner can collaterally attack his sentence under section 2255 when the sentencing judge made an "objectively ascertainable error." *King v. Hoke*, 825 F.2d 720, 724-25 (2d Cir. 1987) (citing *Addonizio*, 442 U.S. at 187).

The person seeking to vacate his sentence shoulders the burden of sustaining his

3

contentions by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973); *accord Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). Relief under section 2255, however, is an extraordinary remedy. *Addonizio*, 442 U.S. at 184; *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).

### B. The Petitioner's Motion is Time-Barred

Section 2255 actions are subject to a one-year statute of limitations. 28 U.S.C. § 2255. The one-year period of limitations begins to run on the date on which the judgment of conviction becomes final. *Id.* In this case, the petitioner's sentence became final on June 28, 2004, when the time period for filing a timely appeal expired. FED. R. APP. P. 4(b)(1); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (holding that for purposes of § 2255 motions, a federal criminal judgment becomes final when the time for filing a direct appeal expires); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (concluding that for purposes of the § 2255 statute of limitations, an unappealed federal criminal judgment becomes final 10 days after it is entered). The petitioner filed his § 2255 motion on December 28, 2005, more than one year after his conviction became final. *Baylor v. United States*, 314 F. Supp. 2d 47, 51 (D.D.C. 2004) (dismissing a § 2255 motion because petitioner did not file the motion within one year of the amended judgment). Because the petitioner did not file his § 2255 claim until more than one year after his conviction became final, the motion is time-barred.

### 2. *Booker* Does Not Apply On Collateral Attack

The petitioner asserts that he is not bound by the one-year statute of limitations for § 2255 cases. Under § 2255, petitions filed more than one year after the conviction are final are time-barred unless the Supreme Court has asserted a new right that is retroactively applicable to cases

on collateral review. 28 U.S.C. § 2255. The petitioner argues that the Supreme Court's 2005 decision in *Booker* created a new right retroactively applicable to his case.[3] In the alternative, the petitioner argues that *Booker* announces a new substantive, rather than procedural, rule that should be applied retroactively pursuant to *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) and *Bousley v. United States*, 523 U.S. 614, 620-21 (1998).

Contrary to the petitioner's argument, however, the D.C. Circuit has consistently refused to apply *Booker* retroactively to cases on collateral review because the "Supreme Court has never expressly held *Booker* retroactive." *In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006); *see also In re Hinton*, 125 Fed. Appx. 317, 317 (D.C. Cir. 2005) (per curiam) (denying a motion for leave to file a § 2255 motion because the Supreme Court has not made *Booker* retroactively applicable to cases on collateral review). Indeed, the Supreme Court has expressly limited the *Booker* holding to "all cases on *direct* review." *Booker*, 543 U.S. at 268 (emphasis added). Because only the Supreme Court can make a new rule retroactive by explicitly holding so, *see Tyler v. Cain*, 533 U.S. 656, 662-63 (2001), this court is without the authority to – as the petitioner suggests – "independently determine whether the *Booker* decision applies retroactively." Pet'r's Mot. at 16. Because the Supreme Court's decision in *Booker* is not

---

[3] New constitutional rules of criminal procedure do not apply retroactively to cases which have become final before the new rules are announced. *Teague v. Lane*, 489 U.S. 288, 310 (1989). But, when a new rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or when the new rule constitutes a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of a criminal proceeding, the new rule is retroactively applicable to final cases. *Id.* at 311. Here, the petitioner asserts that *Booker* announced a watershed rule critical to the fundamental fairness and accuracy of a criminal proceeding and thus is retroactively applicable. Pet'r's Mot. at 6.

retroactively applicable to cases on collateral review and because the petitioner's sentence became final on June 2004, the petitioner's motion is time-barred.

## IV. CONCLUSION

For the foregoing reasons, the court denies the petitioner's motion to vacate, set aside or correct his sentence. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of March, 2007.

RICARDO M. URBINA
United States District Judge